J-A20035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| WANDA GRMUSA-BEREKSAZI, | : | |
| | : | |
| Appellant | : | No. 1584 WDA 2015 |

Appeal from the Judgment of Sentence September 16, 2015
in the Court of Common Pleas of Allegheny County,
Criminal Division, No(s):  CP-02-SA-0001459-2015

BEFORE:  BOWES, STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED AUGUST 29, 2016**

Wanda Grmusa-Bereksazi ("Grmusa-Bereksazi") appeals, *pro se*, from the judgment of sentence imposed following her conviction of disorderly conduct.  ***See*** 18 Pa.C.S.A. § 5503(a)(3).  We affirm.

On September 24, 2014, Grmusa-Bereksazi drove her vehicle out of Norma Welsh's ("Norma") driveway.  Norma's nurse was waiting in her car on the street for Grmusa-Bereksazi to pull her car out of the driveway.  A woman, waiting in the car behind the nurse, started yelling at Grmusa-Bereksazi to move her car.  Once the nurse moved her car into the driveway, the woman pulled up to Grmusa-Bereksazi's driver's side window in order to yell at her.  The woman then exited the vehicle, and ran toward Grmusa-Bereksazi, telling her that she wanted to fight Grmusa-Bereksazi.  In turn, Grmusa-Bereksazi remarked, "Get your fat ass back in your car. Just keep going."  The woman called the police, who arrived five to ten

minutes later. After talking to both Grmusa-Bereksazi and the other woman, a police officer asked for Grmusa-Bereksazi's driver's license. Grmusa-Bereksazi then remarked, "This is why I don't like cops." Thereafter, an officer told Grmusa-Bereksazi to stop talking or else he would charge her with disorderly conduct. Grmusa-Bereksazi attempted to ask the officer a question, at which point the officer issued a citation.

On June 17, 2015, a magistrate found Grmusa-Bereksazi guilty of disorderly conduct. Grmusa-Bereksazi filed a Notice of Summary Appeal, and a trial *de novo* was held on September 16, 2015. The trial court subsequently found Grmusa-Bereksazi guilty of disorderly conduct. Grmusa-Bereksazi was assessed a fine of $300.

On October 13, 2015, Grmusa-Bereksazi filed a timely Notice of Appeal. On October 14, 2015, the trial court entered an Order directing Grmusa-Bereksazi to file a Pa.R.A.P. 1925(b) Concise Statement within twenty-one days. Grmusa-Bereksazi failed to file a Concise Statement.

On appeal, Grmusa-Bereksazi raises the following question for our review: "Did the Court of Common Pleas of Allegheny County, Pennsylvania, Summary Appeals Division, specifically, Robert C. Gallo, S.J., err in finding Grmusa-Bereksazi guilty?" Brief for Appellant at 2 (unnumbered).

Here, Grmusa-Bereksazi failed to file a court-ordered Pa.R.A.P. 1925(b) Concise Statement. It is well-settled that a *pro se* appellant is not entitled to any advantage due to the lack of legal training, and must comply

with the Pennsylvania Rules of Appellate Procedure. ***See Commonwealth v. Adams***, 882 A.2d 496, 497-98 (Pa. Super. 2005); ***see also id.*** at 498 (stating that "any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing."). Thus, Grmusa-Bereksazi waived her opportunity to have this Court consider her issues on appeal. ***See*** Pa.R.A.P. 1925(b)(4)(vii); ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998) (stating that "issues have been considered waived where no 1925(b) statement was filed or where an issue was not included in a filed statement.").[1]

Judgment of sentence affirmed.

---

[1] We also note that Grmusa-Bereksazi failed to provide a transcript of the proceedings below. The trial court judge notes that although Grmusa-Bereksazi did order the transcript, she failed to pay for the cost of transcription. ***See*** Trial Court Opinion, 11/25/15 at 2 (unnumbered); ***see also*** Pa.R.A.P. 1911(a) (stating that "the appellant shall request any transcript required under this chapter in the manner and make any necessary payment or deposit therefor in the amount and within the time prescribed by Rules 5000.1 *et seq.* of the Pennsylvania Rules of Judicial Administration (court reporters)"); Pa.R.A.P. 1911(d) (stating that "if the appellant fails to take the action required by these rules and the Pennsylvania Rules of Judicial Administration for the preparation of the transcript, the appellate court may take such action as it deems appropriate, which may include dismissal of the appeal."). Additionally, Grmusa-Bereksazi did not seek to obtain *in forma pauperis* status for filing her appeal. ***See*** Trial Court Opinion, 11/25/15, at 2 (unnumbered).

J-A20035-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/2016